```
UNITED STATES DISTRICT COURT                                    FILED
EASTERN DISTRICT OF NEW YORK                                    CLERK
---------------------------------------------------------------X
ANDRAE HALL, 753586,                                    3:09 pm, Jun 25, 2021

                Plaintiff,                              U.S. DISTRICT COURT
                                                        EASTERN DISTRICT OF NEW YORK
                                                        LONG ISLAND OFFICE
        -against-
                                                        MEMORANDUM AND ORDER
                                                        21-CV-2100 (GRB)(AKT)
MR. B, SCCF Security Officer,

                Defendant.
---------------------------------------------------------------X
```

**GARY R. BROWN, United States District Judge:**

On April 16, 2021, *pro se* plaintiff Andrae Hall ("plaintiff"), a pretrial detainee incarcerated at the Suffolk County Correctional Facility ("SCCF"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against SCCF Warden Frenchie[1] ("Warden Franchi") and a SCCF Security Officer identified as "Mr. B" (together, "defendants") together with an application to proceed *in forma pauperis*. Docket Entry ("DE") DE 1-2. By Memorandum and Order dated May 19, 2021, the Court granted plaintiff's application to proceed *in forma pauperis* and *sua sponte* dismissed his claims against Warden Franchi without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and1915A(b). DE 7. The Court ordered service on Mr. B by the United States Marshal Service once his identity is ascertained with assistance from the Suffolk County Attorney in accordance with *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (*per curiam*).

By letter dated June 16, 2021, the Suffolk County Attorney apprised the Court "that based on a review of records relating to the plaintiff and the information provided in the Complaint, the County is unable to identify the officer at this time." DE 10. "It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit." *Valentin*, 121 F.3d at 75. "Even *pro se* litigants have a responsibility to exercise due diligence in identifying potential John

---

[1] The Warden of the SCCF is Michael Franchi.

Does. . . . A plaintiff exercising due diligence will take concrete and timely steps to ascertain an officer defendants' identity, for example by submitting . . . requests under state or federal Freedom of Information laws, or requests to the Attorney General's office." *Sosa v. Bustos*, No. 17-CV-0417(ER), 2020 WL 1940550, at *6 (S.D.N.Y. Apr. 22, 2020) (citing *Barrett v. City of Newburgh*, 720 F. App'x 29, 33 (2d Cir. 2017)) (additional citation and quotation marks omitted). Accordingly, plaintiff's claims against the unknown SCCF Security Officer are dismissed without prejudice to a reinstatement thereof if plaintiff provides the Court with additional information and/or records regarding the identity of this individual within 120 days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to administratively close the case and to serve a copy of this Order to plaintiff at his address of record and note service on the docket.

**SO ORDERED**.

Dated: June 25, 2021
Central Islip, New York

/s/ Gary R. Brown
_____
**Gary R. Brown**
**United States District Judge**